**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL R. SOUVIGNY and SHERI L. SOUVIGNY,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>Defendant. | Case No. 1:15-cv-09991<br><br>Hon. Jorge Alonso<br>Magistrate Judge Daniel G. Martin |


| | |
|---|---|
| Matthew H. Hector ARDC#6283058<br>SULAIMAN LAW GROUP, LTD<br>Attorney for Plaintiffs<br>900 Jorie Blvd., Suite 150<br>Oak Brook, IL 60523<br>Telephone: (630) 575-8181<br>Fax: (630) 575-8188 | Adam D. Grant (ARDC No. 6298408)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Defendant<br>500 Woodward Avenue, Ste. 4000<br>Detroit, MI 48226<br>Telephone: (313) 223-3500<br>Facsimile: (313) 223-3598<br><br>Greg Elnic<br>LAW OFFICES OF IRA T. NEVEL, LLC<br>Attorneys for Plaintiff<br>175 N. Franklin St., Suite 201<br>Chicago, IL. 60606<br>Telephone: (312) 357-1125 ext.245<br>Fax: (312) 357-1140 |


**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Rushmore Loan Management Services, LLC ("Rushmore), by and through its attorneys, Adam D. Grant and Dickinson Wright PLLC, for its answer to Plaintiffs' Complaint, states as follows:

## NATURE OF ACTION

1. The Plaintiffs bring this action for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692k(d).

RESPONSE: Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits he Plaintiffs bring this action for violations of the FDCPA pursuant to 15 U.S.C. §1692k(d), but denies any wrongdoing or illegal conduct.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

RESPONSE: Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits that this Court has jurisdiction over the claims alleged in the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the Plaintiffs reside in this District and Defendant's conduct harmed the Plaintiffs in this District.

RESPONSE: Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits that venue is proper in this Court based on the claims alleged in the Complaint, but denies any wrongdoing or illegal conduct and denies that Plaintiffs suffered any harm.

## PARTIES

4. Plaintiffs Michael and Sheri Souvigny are consumers and natural persons over 18-years-of-age who, at all times relevant, owned and resided at the property located at 39W089 Adobe Ridge, Elgin, Illinois 60124 ("subject property").

RESPONSE: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 4 and therefore neither admits nor denies the same but demands strict proof thereof.

5. Plaintiffs are consumers as defined under 15 U.S.C. §1692a(3).

RESPONSE: Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 5 and therefore neither admits nor denies the same but demands strict proof thereof.

6. Defendant Rushmore Loan Management Services, LLC is a mortgage loan servicer that specializes in servicing mortgage loans that are in default. Defendant is headquartered in Irvine, California.

RESPONSE: Rushmore states, for the purposes of this litigation only, that it is a mortgage loan servicer with headquarters in Irvine, California.

7. Defendant is a debt collector as defined under 15 U.S.C. §1692a(6) because it is in the business of collecting consumer debts owed to a third party and because it acquired the debt associated with this lawsuit while it was in default.

RESPONSE: Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits only that servicing of the debt associated with this lawsuit was transferred to it after Plaintiffs defaulted on their obligation. Rushmore denies the remaining allegations of Paragraph 7.

## FACTS SUPPORTING CAUSE OF ACTION

8. On February 26, 2010, the Plaintiffs executed a mortgage loan in the amount of $257,666.00 ("subject loan" or "subject debt") in favor of Wells Fargo secured by the subject

property. See Exhibit A, a true and correct copy of the Plaintiffs' Wells Fargo Note and Mortgage.

RESPONSE: The documents referenced in Paragraph 8 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

9. On March 17, 2014, the Plaintiffs filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-09433 ("bankruptcy").

RESPONSE: Rushmore admits the allegations in Paragraph 9.

10. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Wells Fargo, in the amount of $241,957.00, secured by the subject property. See Exhibit B, a true and correct copy of Schedule D filed in the Plaintiffs' bankruptcy case.

RESPONSE: The documents referenced in Paragraph 10 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

11. Also on March 17, 2014, the Plaintiffs filed their original Chapter 13 plan ("Original Plan"). *See* Exhibit C, a true and correct copy of the Plaintiffs' Original Plan.

RESPONSE: The documents referenced in Paragraph 11 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

12. The Plaintiffs' Original Plan proposed to treat Wells Fargo's claim as follows:

> "Debtors are surrendering the real property located at 39W089 Adobe Ridge, Elgin, Illinois to Wells Fargo Home Mortgage and Citicorp Credit Services in full satisfaction of their claims." *Id.* at p. 5.

RESPONSE: The documents referenced in Paragraph 12 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

13. On March 20, 2014, because Plaintiffs listed Wells Fargo as a creditor, the Bankruptcy Noticing Center ("BNC") served Wells Fargo with the Plaintiffs' Original Plan. *See* Exhibit D, a true and correct copy of the BNC Certificate of Notice establishing service of the Original Plan upon Wells Fargo.

RESPONSE: The documents referenced in Paragraph 13 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

14. On April 9, 2014, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. No representative or attorney from Wells Fargo appeared at the 341 Meeting of Creditors.

RESPONSE: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 14 and therefore neither admits nor denies the same but demands strict proof thereof.

15. On May 9, 2014, Plaintiffs' Chapter 13 Plan was confirmed by the Honorable Donald R. Cassling. *See* Exhibit E, a true and correct copy of the Confirmation Order.

RESPONSE: The documents referenced in Paragraph 15 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

16. The Plaintiffs fully performed their duties as set forth in their confirmed Chapter 13 Plan.

RESPONSE: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 16 and therefore neither admits nor denies the same but demands strict proof thereof.

17. On March 19, 2015, the Bankruptcy Court entered an Order of Discharge in the Plaintiffs' case discharging all dischargeable debts, including the subject loan. *See* Exhibit F, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Wells Fargo.

RESPONSE: The documents referenced in Paragraph 17 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

18. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

RESPONSE: The documents referenced in Paragraph 18 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

19. On March 21, 2015, the BNC served Wells Fargo with the Order of Discharge. *Id.*

RESPONSE: The documents referenced in Paragraph 19 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

20. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Wells Fargo or any if its successors and assigns.

RESPONSE: Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, the documents referenced in Paragraph 19 speak for themselves and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

21. After Plaintiffs received their discharge, Wells Fargo transferred servicing of the discharged subject loan to Defendant.

RESPONSE: Rushmore admits the allegations of Paragraph 21.

22. Upon acquiring the loan, Defendant treated it as if it was in default.

RESPONSE: Rushmore admits only that the loan was in default at the time servicing rights were transferred. Rushmore denies the remaining allegations of Paragraph 22.

23. On August 11, 2015, Defendant sent Plaintiffs a collection letter. *See* Exhibit G, a true and correct copy of the August 11, 2015 collection letter.

RESPONSE: The document referenced in Paragraph 23 speaks for itself and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document. Specifically, Rushmore denies that the August 11, 2015 letter was a "collection letter."

24. The letter informed Plaintiffs that they owed a past-due amount of $38,350.00 on the subject loan, with a total amount of $40, 551.55 due by September 1, 2015. *Id.*

RESPONSE: The document referenced in Paragraph 24 speaks for itself and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

25. Attached to the letter was a payment coupon instructing Plaintiffs to remit a check payable to Defendant. *Id.*

RESPONSE: The document referenced in Paragraph 24 speaks for itself and Rushmore denies the allegations contained in this paragraph to the extent they contradict the written document.

26. Plaintiffs were highly confused by the letter because they thought that their debt had been discharged in their bankruptcy.

RESPONSE: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 26 and therefore neither admits nor denies the same but demands strict proof thereof.

27. Plaintiffs spent time consulting with their attorneys to better understand their rights with regard to Defendant's unlawful collection action.

RESPONSE: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 27 and therefore neither admits nor denies the same but demands strict proof thereof.

**COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiffs restate and reallage paragraphs 1 through 27 as though fully set forth herein.

RESPONSE: Rushmore restates its responses to paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3).

RESPONSE: Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 29 and therefore neither admits nor denies the same but demands strict proof thereof.

30. The subject loan was for Plaintiffs' principal residence. It was a debt as defined by 15 U.S.C. §1692a(5).

RESPONSE: Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 30 and therefore neither admits nor denies the same but demands strict proof thereof.

31. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6) because it regularly collects consumer debts owed to a third party. Additionally, Defendant acquired the subject loan while it was in default.

RESPONSE: Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies the allegations in this Paragraph as written.

32. Defendant's August 11, 2015 collection letter violated 15 U.S.C. §1692e(2) because it misrepresented the legal status of the debt; Plaintiffs discharged the subject debt in their Chapter 13 bankruptcy. The debt was no longer owed and was uncollectable by operation of law.

RESPONSE: Rushmore denies the allegations as untrue.

33. The same letter also violated 15 U.S.C. §1692e(10) because it represents the use of a false representation in the collection of a debt.

RESPONSE: Rushmore denies the allegations as untrue.

34. Rushmore, as a sophisticated debt collector, should have employed a system to ensure that it did not attempt to collect on a debt that was discharged in bankruptcy.

RESPONSE: Rushmore states that it employs systems to ensure that it complies with all relevant regulations, statutes and laws and denies that it attempted to collect on a debt that was discharged in bankruptcy.

35. Given that Wells Fargo transferred the subject loan to Rushmore, it knew or should have known that Plaintiffs' loan was discharged in their bankruptcy.

RESPONSE: Although Plaintiffs' bankruptcy discharge may have extinguished their personal liability for the debt under the subject mortgage, it did not extinguish the lien on the property that secured Plaintiffs' promise to pay the loan; therefore, Rushmore denies the allegations in this paragraph.

36. Rushmore's collection attempt represents a blatant disregard for the FDCPA and its prohibition against the use of deceptive conduct in the collection of debts.

RESPONSE: Rushmore denies the allegations in Paragraph 36 as untrue; specifically, Rushmore denies it made any collection attempts on the subject loan, that it engaged in any deceptive conduct, and that it violated the FDCPA.

WHEREFORE, Defendant Rushmore Loan Management Services LLC respectfully requests this Court to dismiss Plaintiffs' Complaint in its entirety with prejudice and award costs and reasonable attorney's fees incurred by Rushmore in defending this matter.

*Respectfully submitted,*

DICKINSON WRIGHT PLLC

*/s/ Adam D. Grant*
Adam D. Grant (ARDC No. 6298408)

**AFFIRMATIVE DEFENSES**

Without shifting or reducing Plaintiffs' burden of proof as to each element of their claims against Rushmore, Rushmore asserts the following defenses in response to the claims raised against it.

1. The Complaint fails to state a claim upon which relief may be granted and/or fails to plead sufficient facts to support the claims and conclusions alleged in the Complaint.

2. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

5. Plaintiffs' claims are barred by 15 U.S.C. §1692k(c).

6. If Rushmore violated the FDCPA, which Rushmore denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

7. Rushmore has a valid legal right to contact Plaintiffs to determine the status of its lien against collateral.

Rushmore reserves the right to raise additional affirmative and other defenses as they become known during the course of investigation and/or discovery.

*Respectfully submitted,*

DICKINSON WRIGHT PLLC

*/s/ Adam D. Grant*
Adam D. Grant (ARDC No. 6298408)

Adam D. Grant (ARDC No. 6298408)
DICKINSON WRIGHT PLLC
Attorneys for Defendant
500 Woodward Avenue, Ste. 4000
Detroit, MI 48226
Telephone: (313) 223-3500
Facsimile: (313) 223-3598
-and-
Greg Elnic
LAW OFFICES OF IRA T. NEVEL, LLC
Attorneys for Plaintiff
175 N. Franklin St., Suite 201
Chicago, IL. 60606
Telephone: (312) 357-1125 ext.245
Fax: (312) 357-1140

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL R. SOUVIGNY and SHERI L. SOUVIGNY,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>Defendant. | Case No. 1:15-cv-09991<br><br>Hon. Jorge Alonso<br>Magistrate Judge Daniel G. Martin |
| Matthew H. Hector ARDC#6283058<br>SULAIMAN LAW GROUP, LTD<br>Attorney for Plaintiffs<br>900 Jorie Blvd., Suite 150<br>Oak Brook, IL 60523<br>Telephone: (630) 575-8181<br>Fax: (630) 575-8188 | Adam D. Grant (ARDC No. 6298408)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Defendant<br>500 Woodward Avenue, Ste. 4000<br>Detroit, MI 48226<br>Telephone: (313) 223-3500<br>Facsimile: (313) 223-3598<br><br>Greg Elnic<br>LAW OFFICES OF IRA T. NEVEL, LLC<br>Attorneys for Plaintiff<br>175 N. Franklin St., Suite 201<br>Chicago, IL. 60606<br>Telephone: (312) 357-1125 ext.245<br>Fax: (312) 357-1140 |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2016, I electronically filed the foregoing Answer to Complaint and Affirmative Defenses with the Clerk of the Court for the Northern District of Illinois using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Adam D. Grant*